**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ALICIA M. LOPEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.**    1:22-cv-69 |
| | § | |
| **W.D. LAREW,** | § | |
| **and** | § | |
| **U.S. BANK TRUST NATIONAL** | § | |
| **ASSOCIATION,** | § | |
| **Defendants.** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES JUDGE:

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446(a), Defendant U.S. Bank Trust National Association, Not in its Individual Capacity, But Solely as Trustee of LSRMF MH Master Participation Trust II (hereinafter "Defendant" or "U.S. Bank, N.A.") gives notice and hereby removes this action from the 357th District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, and in support thereof would show unto the Court the following:

**A. State Court Action**

1.     On or about April 28, 2022, Plaintiff Alicia M. Lopez (hereinafter "Plaintiff") filed *Plaintiff's Original Petition and Request for Temporary Restraining Order* (hereinafter "Petition") in the 357th District Court of Cameron County, Texas, styled *Alicia M. Lopez v. W.D. Larew,* bearing Cause Number 2002-DCL-02135 (hereinafter the "State Court Action").

2.     In the Petition, Plaintiff asserts claims related to real property located at 3384 Burgundy Drive, Brownsville, Texas 78526 (hereinafter the "Property") (*See* Petition at page 2.) Specifically,

Plaintiff alleges lack of standing and statutory noncompliance relating to proper notice of the Plaintiff's breach and of the foreclosure sale (*See* Petition pgs. 3-4).

3.      On June 3, 2022, Defendant U.S. Bank N.A., intervened in this case as the real party in interest. Defendant W.D. Larew is simply the substitute trustee and, as such, is a nominal party and not a proper party to this lawsuit.

4.      Pursuant to 28 U.S.C. §1446(a), copies of all processes, pleadings, orders and other papers filed in the 357th Judicial District Court and obtained by Defendants and the following exhibits are attached hereto.

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed; |
| **Exhibit B** | Civil Cover Sheet; |
| **Exhibit C** | State Court Civil Docket Sheet; |
| **Exhibit D** | State Court File; |
| **Exhibit E** | Defendant's Notice to State Court of Removal; |
| **Exhibit F** | List of all counsel of record, including addresses, telephone numbers and parties represented; and |
| **Exhibit G** | Cameron County Appraisal District 2022 Valuation of the Property. |

5.      With this Notice of Removal, U.S. Bank, N.A. hereby removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## B. Procedural Requirements

6.      This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(a), 1441(a-b), 1446(a).

7.      This removal is timely because it is being filed "within 30 days after receipt by the Defendants, through service or otherwise, a copy of the initial pleading setting forth the claim for

relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

8.    Pursuant to U.S.C. § 1446(a) and LR 81, with the filing of this Notice of Removal, U.S. Bank, N.A. is filing an index of matters being filed herewith.

9.    Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, U.S. Bank, N.A. is (a) serving Plaintiff with a copy of this Notice of Removal, and (b) filing a copy of the Notice of Removal in the State Court Action. A copy of the Notice of Removal filed in the State Court Action is attached hereto as Exhibit E.

## C. Diversity Jurisdiction

10.    The Court has diversity jurisdiction in this matter. Where complete diversity exists among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as U.S. Bank, N. A., who is the true, correct, and real party in interest on the defendant side. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As shown below, the amount in controversy requirement is also satisfied.

## Diversity of Citizenship

11.    The Petition indicates that the Plaintiff is domiciled in Cameron County, Texas (*See* Petition, pg. 1).

12.    Defendant U.S. Bank, N.A., which was sued in its capacity as trustee, is a national banking association pursuant to federal law. When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls. *Navarro Sav. Assoc. v. Lee,* 446 U.S. 458, 464-66 (1980). Pursuant to 28 U.S.C. § 1348, a national banking association is deemed the citizen of its main office. At the time of the filing of the Petition and up through the time of removal, U.S. Bank, N.A.'s main office has been and continues to be located in Ohio under its

articles of association. Therefore, U.S. Bank is a citizen of Ohio.

13.     The Petition indicates that W.D. Larew regularly conducts business within Cameron County (*See* Petition, pg. 1). Upon information and belief, W.D. Larew is a resident of the state of Texas.

14.     As shown above, there is diversity of citizenship between Plaintiff, on one hand, and U.S. Bank, N.A., on the other hand. Although Plaintiff and W.D. Larew are citizens of Texas, there is complete diversity of citizenship among the actual parties because W.D. Larew is improperly joined. *See Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b). Plaintiff has not stated a claim against W.D. Larew, and there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against W.D. Larew. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). Whether this standard is met is determined by application of the federal pleading standard under Rule 12(b)(6). *Id.* at 208. Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 949 (S.D. Tex. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Factual allegations must be enough to raise a right to relief above the speculative level. *Lopez,* 197 F. Supp. 3d at 949.

15.     Plaintiff cannot recover against W.D. Larew because Plaintiff only alleges wrongdoing of U.S. Bank, N.A., not W.D. Larew. Plaintiff alleges that lender did not comply with the appropriate statutes, and lacks standing to foreclose on the Property (*See* Petition*,* pgs. 2-3).  The mortgagee of the loan at issue is U.S. Bank, N.A.

16.     None of the allegations in the Petition relate to improper actions by W.D. Larew, and no claims upon which relief may be granted have been pled against W.D. Larew. Under Texas law, W.D. Larew could not have been assigned a duty under a security instrument other than to exercise

the power of sale in accordance with a certain notice of sale. Texas Prop. Code § 51.0074(b)(1). Therefore, the only alleged wrongdoing would be against the mortgagee, who is U.S. Bank, N.A., in pursuit of the scheduled foreclosure and not W.D. Larew, who was merely appointed as substitute trustee for the sale. Consequently, Plaintiff has brought no actionable claims against W.D. Larew.

17.     Furthermore, pursuant to Chapter 51 of the Texas Property Code, a trustee "named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument" is not a necessary party to a suit. Tex. Prop. Code § 51.007. In addition, Plaintiff cannot recover against W.D. Larew because he does not owe a legal duty to Plaintiff. *See 1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 36 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Even if there was a duty between the lender and Plaintiff, there is no separate and independent duty that W.D. Larew owed to Plaintiff that would give rise to individual liability. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

18.     It appears Plaintiff brought suit against W.D. Larew, the substitute trustee, rather than the proper party in interest, U.S. Bank, N.A., because Plaintiff improperly sought to defeat diversity jurisdiction. When, as here, "a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016).

19.     Because Plaintiff is domiciled in Texas and the correct defendant, U.S. Bank, N.A. is not a citizen of Texas, complete diversity exists among the parties.

**Amount in Controversy**

20.     The amount in controversy requirement is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also*

*St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds the $75,000 requirement. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.

21.     "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin.*, LLC, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

22.     Plaintiff seeks injunctive relief preventing the defendants from foreclosing on the Property (*See* Petition, pgs. 4-6). "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Greenberg*, 134 F. 3d at 1252-53 (citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983)); *see also Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 700 (S.D.Miss.1988) ("In actions for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.").

23.     If the right to property is at issue, the court will look to the value of the property to determine whether the minimum amount in controversy amount has been met for jurisdiction. *Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."); *see also Berry v. Chase Home Fin., LLC,*

No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) (finding under similar claims that, because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property . . . , the value of the declaratory and injunctive relief to Plaintiff is . . . the current appraised fair market value of the Property").

24.    Accordingly, because Plaintiff is seeking injunctive relief and the right to property is at issue in this case, the amount in controversy is to be determined by the value of the Property. *See Knox*, 351 Fed. App'x at 848; *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using current market value of property from the Dallas Central Appraisal District in finding amount in controversy satisfied where plaintiff sought to prevent foreclosure) (citing *Copeland*, 485 Fed. App'x at 9).

25.    According to the Cameron County Appraisal District, the current value of the Property is $223.954.00. Thus, the value of the Property satisfies the amount in controversy requirement. A true and correct copy of the 2022 Cameron County Appraisal District appraisal is attached hereto as Exhibit G.

26.    Because there is complete diversity between the parties and the amount in controversy of $223,954.00 exceeds the $75,000.00 requirement, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

27.    The attorneys filing this Notice of Removal are counsel of record for U.S. Bank, N.A.

28.    Plaintiff's attorney is Juan Angel Garcia:

> Juan Angel Guerra
> 1407 North Stuart Place Road, Suite B
> Harlingen, Texas 78552
> Tel: 956 428-1600
> Fax: 956 428-1601
> Email: juanangelguerra1983@gmail.com

## D. Prayer

29.    WHEREFORE, Defendant U.S. Bank removes this action from the 357th District Court of

Cameron County, Texas, to the United States District Court for the Southern District of Texas,

Brownsville Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER**
**TURNER & ENGEL, LLP**

 /s/ R. Matthew Graham
R. Matthew Graham – *Attorney in Charge*
State Bar No. 24027186
SD No. 3747762
Robert D. Forster, II
State Bar No. 24048470
SD No. 2647781
4004 Belt Line Rd., Ste. 100
Addison, Texas 75001
(972) 341-5030 (telephone)
(972) 341-0734 (facsimile)
MatthewG@BDFGroup.com
RobertFO@BFGGroup.com
**ATTORNEYS FOR INTERVENOR**

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing has been served on all parties electronically via CM/ECF and/or by U.S. Certified Mail, return receipt delivery on June 10, 2022.

**VIA E-Service:juanangelguerra1983@gmail.com**
Juan Angel Guerra
1409 N. Stuart Place, Suite A
Harlingen, Texas 78552
*Attorney for Plaintiff*

 /s/ R. Matthew Graham
R. Matthew Graham