Case 1:22-cv-00069   Document 10   Filed on 05/04/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
May 04, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ALICIA M. LOPEZ,<br>"Plaintiff," § § § | |
| v. § | Civil Action No. 1:22-cv-00069 |
| § § | |
| W.D. LAREW, et al...., § <br>"Defendants." § | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Before the Court is Intervenor-Defendant U.S. Bank Trust National Association's, Trustee of LSF10 Master Participation Trust ("Defendant U.S. Bank"), "Motion for Summary Judgment" ("MSJ") (Dkt. No. 8). Defendant U.S. Bank's MSJ is **GRANTED** for these reasons:

### I.   BACKGROUND

Plaintiff executed a promissory note ("Note") made payable to Bank of America, N.A. for $114,250.00. Dkt. No.8-1 at 5-8. The Note requires Plaintiff to make monthly principal and interest payments until the balance is paid in full. *Id.* at 5. Plaintiff "defaults" if she does not pay the full amount of each payment on the date it is due. *Id.* Upon Plaintiff's default, the Note permits acceleration of the Note's maturity date, in which event the remaining unpaid balance becomes immediately due. *Id.* at 7.

Plaintiff contemporaneously executed a Deed of Trust, which granted a security interest in the real property located at 3384 Burgundy Drive, Brownsville, Cameron County, Texas 78526-1123 ("Property")[1] to secure repayment of the Note. *Id.* at 2, 10-30. The Deed of Trust authorizes Bank of America, N.A., the beneficiary, to accelerate the maturity date of the Note and to foreclose on the Property should Plaintiff default. *Id.* at 19, 22. The Deed of Trust was recorded in the Cameron County property records. *Id.* at 10.

Defendant U.S. Bank became the beneficiary to the Deed of Trust through several assignments recorded in the official public records of Cameron County, Texas. *Id.* at 31-41.

---

[1] The Property's legal description is: "LOT FIFTY-TWO (52), BLOK ONE (1), EMERALD VALLEY SUBDIVISION, CITY OF BROWNSVILLE, CAMERON COUNTY, TEXAS, ACCORDING TO MAP RECORDED IN CABINET 1 PAGE 1640-A AND B MAP RECORDS, CAMERON COUNTY, TEXAS."

In 2018 Plaintiff defaulted on the Note, at which point $74,040.32 became due under the acceleration clause in the Deed of Trust. *Id.* at 7, 19, 22, 45. Fay Servicing, LLC ("Fay"), the mortgage servicer of the Note, sent Plaintiff a Notice of Default via first class and certified mail. *Id.* at 3. The Notice of Default informed Plaintiff of the amount of her delinquency and gave her thirty-five days to cure the default before the Note would be accelerated. *Id.* at 3, 45-54.

Plaintiff failed to cure her default within the period provided. *Id.* at 3. Fay then sent Plaintiff a Notice of Acceleration informing her that the maturity of the debt was accelerated. *Id.* at 3, 56-58, 62-64. Fay also sent Plaintiff a Notice of Sale informing Plaintiff that the Property was to be sold at foreclosure sale on the first Tuesday in May 2022. *Id.* at 3, 59-61, 65-77. The Notice of Sale listed the names of substitute trustees authorized to conduct the sale and their contact information. *Id.* at 60, 66.

Plaintiff filed a wrongful foreclosure action in state court against Defendant W.D. Larew, an alleged substitute trustee. Dkt. No. 1-4 at 2-7. Plaintiff obtained a temporary restraining order preventing the foreclosure sale. Dkt. No. 1-4 at 8-9. Defendant U.S. Bank intervened in this suit arguing Defendant W.D. Larew was not a proper party. Dkt. No. 1-4 at 19-23. Plaintiff did not object to the intervention.[2] *See* Dkt. No. 1-3. Defendant U.S. Bank then removed the lawsuit to this Court based on 28 U.S.C. § 1332 diversity jurisdiction. Dkt. Nos. 1 & 1-4 at 19-23. Plaintiff did not object to the removal.

Defendant W.D. Larew then filed a verified denial pleading that he was not a necessary party and stating he reasonably believed he was a party solely in his capacity as a trustee. Dkt. No. 7. Plaintiff did not respond. Thus, under Texas law, Defendant W.D. Larew must be dismissed from this lawsuit without prejudice.[3]

---

[2] Defendant U.S. Bank is a party to this action under Texas law. *See* TEX. R. CIV. P. 60 ("Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party."); *Bank One, Tex. Nat. Ass'n v. Elms*, 764 F. Supp. 85, 87-88 n.3 (S.D. Tex. 1991) ("Texas law authorizes anyone, without the slightest regard to the legitimacy of his claimed interest in the litigation, to intervene, subject to being stricken. So long as [the party]'s intervention has not been stricken or dismissed, [they are] a party to the action.").

[3] TEX. PROP. CODE § 51.007(a) provides that a trustee named in a suit may plead they are "not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust." The other parties may then file a verified response rebutting the trustee's verified denial within thirty days after the verified denial is filed. *Id.* at 51.007(c). If no timely verified response is filed, the trustee *must* be dismissed from the suit without prejudice. *Id. See, e.g., White v. Wells Fargo Bank NA*, No. 3:09-CV-1266-B, 2010 WL 2816818, at *2

Defendant U.S. Bank now seeks summary judgment on Plaintiff's "breach of contract" and "injunctive relief" causes of action. Dkt. No. 11. Plaintiff did not respond to the MSJ.[4]

## II.    LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must show "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, who must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal citations omitted).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "[T]he substantive law will identify which facts are material," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Phillips v. Sanofi U.S. Servs.*, 994 F.3d 704, 708 (5th Cir. 2021) (citing *Anderson*, 477 U.S. at 248). A court views the inferences based on the evidence in the light most favorable to the nonmoving party. *Belliveau v. Barco, Inc.*, 987 F.3d 122, 128 (5th Cir. 2021).

## III.    DISCUSSION

### a. Plaintiff asserted a wrongful foreclosure claim rather than a breach of contract claim.

Defendant U.S. Bank seeks summary judgment on Plaintiff's "breach of contract" and "injunctive relief" claims, arguing Plaintiff has not proven the breach or damage elements and that a request for injunctive relief is not an independent cause of action. Dkt. No. 8. The Court construes the factual allegations and request for relief in Plaintiff's petition as a wrongful foreclosure claim. *See* Dkt. No. 1-4 at 2-7.

Texas recognizes a common law wrongful foreclosure claim that allows debtors to sue for injunctive and declaratory relief to prevent foreclosure of their property. *Miller v. Homecomings*

---

(N.D. Tex. July 14, 2010); *WAMCO XXVIII, Ltd. v. Casa Grande Cotton Fin. Co.*, 314 F. Supp. 2d 655, 657 (N.D. Tex. 2004).

[4] Under the Court's local rules, failure to respond deems a motion unopposed; but the Court rules on the merits of Defendant's MSJ (Dkt. No. 8).

3

*Fin., LLC*, 881 F. Supp. 2d 825, 828 (S.D. Tex. 2012) (citing *League City State Bank v. Mares*, 427 S.W.2d 336 (Tex.Civ.App. 1968)); *see, e.g.*, *Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 81–82 (Tex.App. 2012); *see also* TEX. R. CIV. P. 736.11 (providing for automatic stay of foreclosure proceedings upon filing of an original proceeding in a court of competent jurisdiction contesting the right to foreclose).

Plaintiffs may challenge a foreclosure sale on several grounds: no default in payment by the debtor; violation of the conditions and limitations of the trustee's power of sale under the deed of trust; non-compliance with the statutory notices and other requirements for a nonjudicial sale; and no "contractual standing" by the party seeking to foreclose. *Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671, 675 (1942); *Lido Intern., Inc. v. Lambeth*, 611 S.W.2d 622 (Tex.1981); *Martin*, 377 S.W.3d at 81–82.

Plaintiff alleges: (1) she never received notice of demand for late payments or an intent to accelerate if not cured; (2) Defendants did not comply with the Texas Property Code in designating a substitute trustee or sending a notice of breach; and (3) Defendants lack standing to foreclose on her property. Dkt. No. 1-4 at 2-7. Plaintiff never alleges that any contract was breached. *See* Dkt. No. 1-4 at 2-7.

### b. **Defendant properly effected Notices of Default and Intent to Accelerate.**

Under Texas law, a mortgagee must serve written notice to a delinquent debtor by certified mail "and give the debtor at least 20 days to cure the default before notice of sale." TEX. PROP. CODE § 51.002(d). The mortgagee must also serve notice of an intent to accelerate the loan payments, if any, that complies with the requirements in the deed of trust. *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982). If the debtor does not cure the default, the mortgagee must then provide the debtor with another notice when the cure period has lapsed, and the debt has been accelerated. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991).

Plaintiff alleges in her petition that the notices of default and intent to accelerate (collectively, "Notices") were defective because she never received them. Dkt. No. 1-4 at 4-5. But a debtor does not have to receive actual notice for it to be effective in Texas. *Trien v. Fed. Home Loan Mortg. Corp.*, 400 F. Supp. 3d 596, 607 (W.D. Tex. 2019) (citing *Lambert v. First Nat'l Bank*, 993 S.W.2d 833, 835 (Tex. App. 1999)). Service of the notices of default and intent to accelerate are considered complete "when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE §

4

51.002(e). An "affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Id.* Defendant U.S. Bank sent the Notices via certified and first-class mail to Plaintiff at her last known address. Dkt. No. 8-1 at 3, 42-67. The Notices were thus effective despite Plaintiff not receiving them.

Plaintiff also alleges the notices of default and intent to accelerate were defective because they did not comply with the Texas Property Code or the Deed of Trust. Dkt. No. 1-4 at 4-5. The Deed of Trust requires the Notices be sent to Plaintiff by first-class mail and specify:

> (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property.

Dkt. No. 8-1 at 20, 22. The Notices also had to inform Plaintiff of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Plaintiff to acceleration and sale. *Id.*

The Notice of Default sent by Fay informed Plaintiff she was in default "for failure to pay amounts due" under the Note and Deed of Trust. *Id.* at 45. It gave Plaintiff more time than was required by the Texas Property Code or Deed of Trust to cure the default. *Id.* The Notice of Intent to Accelerate also provided Plaintiff with notice of her right to reinstate the Note after acceleration and bring a court action to assert the nonexistence of a default or any other defense to acceleration and sale. *Id.* at 46. Since the Notices complied with the requirements of the Deed of Trust and Texas Property Code, they were effective.

### c. The substitute trustees were properly appointed.

Plaintiff's petition alleges the twenty-three individuals and one business entity named as substitute trustees in the "Notice of [Substitute] Trustee's Sale" were not properly appointed because an unspecified statute requires one substitute trustee be appointed, the address and phone number of the substitute trustees did not appear on the face of the notice, and a company cannot be a trustee. Dkt. No. 1-4 at 2-7. Defendant argues that it complied with the Deed of Trust and the Texas Property Code's address requirements. Dkt. No. 8.

The Texas Property Code permits a substitute trustee's appointment in a notice of sale if the notice:

> (1)    provides the name and street address for the substitute trustee;

5

(2)      is signed by an attorney or agent of the mortgagee or mortgage servicer; and

(3)      contains a statement in all capital letters, boldface type, to read as follows:

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

TEX. PROP. CODE § 51.0076. The notice must also strictly comply with the requirements in the deed of trust. *See Univ. Sav. Ass'n v. Springwood Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982) ("Texas Courts have consistently held that the terms set out in a deed of trust must be strictly followed").

There is no statutory requirement that only one trustee can be appointed, or that the trustee must be a natural person. *See* TEX. PROP. CODE § 51.0001, *et seq*; *In re AMRCO, Inc.*, 496 B.R. 442, 445 (Bankr. W.D. Tex. 2013) ("The inevitable conclusion, then, is that artificial persons are included within the definition of 'person' under [Sections 51.0001(7) and 51.0001(8)] of the Texas Property Code and may therefore serve as Trustee or Substitute Trustee."). The "Notice of [Substitute] Trustee's Sale" complies with all the requirements outlined in TEX. PROP. CODE § 51.0076. *Cf.* Dkt. No. 8-1 at 55-67 *with* TEX. PROP. CODE § 51.0076.

Moreover, the Deed of Trust states, "Lender, at its option and with or without cause, may from time to time . . . substitute any trustee . . . without the necessity of any formality other than a designation by Lender in writing." Notice was properly affected when Fay named the twenty-four substitute trustees in the "Notice of [Substitute] Trustee's Sale." Dkt. No. 8-1 at 60, 66. Fay was not required to provide the telephone number for the substitute trustees. *See id.* at 10-30.

For these reasons, the Court finds that the twenty-four substitute trustees were properly appointed.

### d. <u>Defendant U.S. Bank has standing to foreclose on Plaintiff's property.</u>

Plaintiff also alleges that "the entity that is trying to foreclose on her property" lacks the authority to foreclose. Dkt. No. 1-4 at 4. Under the Texas Property Code, the mortgagee, or the mortgage servicer acting on behalf of the current mortgagee, have standing to initiate a nonjudicial foreclosure sale. *See* TEX. PROP. CODE §§ 51.0001(3) & 51.0001(4); *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 828 (S.D. Tex. 2012). When the party seeking to foreclosure is not the

original mortgagee, the foreclosing party must be able to trace its rights under the security instrument back to the original mortgagee. *Leavings v. Mills*, 175 S.W.3d 301, 310 (Tex. App. 2004).

Standing to foreclose may be shown by proof that the foreclosing party is the promissory note "owner" through assignment. *Martin*, 377 S.W.3d at 84. The foreclosing party must show "an unbroken chain of assignments transferring to him the right to enforce the note according to its terms." *Leavings*, 175 S.W.3d at 310. An unexplained gap in the chain of title may present a fact issue on the question of ownership. *See Martin*, 377 S.W.3d at 84–85; *First Gibraltar Bank, FSB v. Farley*, 895 S.W.2d 425, 428–29 (Tex. App. 1995).

Defendant U.S. Bank has properly established it was assigned the Note. Bank of America, N.A. the original holder of the Note, assigned "all beneficial interest" and "all rights accrued or to accrue" under the Deed of Trust to Federal National Mortgage Association. Dkt. No. 8-1 at 33. Federal National Mortgage Association then assigned "all interests secured" and "due or to become due" under the Deed of Trust to Nationstar Mortgage, LLC d/b/a Mr. Cooper. *Id.* at 34. Nationstar Mortgage, LLC d/b/a Mr. Cooper then assigned "all interests" "and any rights due or to become due" under the Deed of Trust to Defendant U.S. Bank. *Id.* at 37. All assignments were recorded in the Cameron County property records. *Id.* at 3. Since the chain of title is unbroken and the parties' entire interests were assigned, Defendant U.S. Bank has standing to foreclose on Plaintiff's Property.

## IV. CONCLUSION

For these reasons, Defendant's MSJ (Dkt. No. 8) is **GRANTED**. Plaintiff's wrongful foreclosure claims are **DISMISSED with prejudice**. In addition, Defendant W.D. Larew is dismissed from this lawsuit without prejudice. The Clerk of the Court is **ORDERED** to close this case.

Signed on this 4th day of May, 2023.

Rolando Olvera
United States District Judge